UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM DOUGLAS DAWSON, JR., | ) | Civil Action No.: 4:14-cv-3259-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **ORDER** |
| WARDEN LARRY CARTLEDGE and | ) | |
| ASSOCIATE WARDEN FLORENCE | ) | |
| MAUNEY, both in their individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was placed in disciplinary detention for two years in violation of his constitutional rights. Presently before the court is Plaintiff's motion to compel (Document # 22). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff sent discovery requests to Defendants in late December of 2014 or early January of 2015.[1] Defendants responded to Plaintiff's discovery requests on January 28, 2015, and provided some, but not all, of the documents requested by Plaintiff. Plaintiff filed the present motion to compel on February 19, 2015, arguing that he is entitled to nine documents not provided by Defendants. Defendants assert that the nine documents Plaintiff seeks either do not exist, have already been provided, or are available to Plaintiff at the institutional library. The court will address each requested document in turn.

(1) "Copies of Ass. Warden Mauney's official report for the placement of solitary

---

[1] Plaintiff represents that he submitted his requests on December 22, 2014. Defendants represent that they received the requests on January 8, 2015.

confinement of the Plaintiff on 7-30-12."

Defendants responded that an official report by Associate Warden Mauney does not exist but provided Plaintiff with a Notice of Placement in PHD that has the reasons for Plaintiff's placement marked as well as a Staff Memoranda Form, which states that disciplinary detention time was reinstated per Associate Warden Mauney. In his motion to compel, Plaintiff argues that he is entitled to this document and states that, because Mauney was the head of security, she would have had to authorize his placement in lock-up. However, Defendants cannot produce a document that does not exist. Therefore, Defendants must provide a verification that the requested document does not exist.

(2) "Copies of the Investigation that was conducted by officials at P.C.I. that led to the two years of solitary confinement of the Plaintiff from 7-30-12 through 3-25-14."

Defendants responded that Plaintiff's disciplinary detention time, which Plaintiff refers to as solitary confinement, was given to Plaintiff as a sanction through disciplinary hearings on offenses for which Plaintiff was convicted. Defendant produced to Plaintiff responses to Plaintiff's Request to Staff Member Forms, correspondence from Robert E. Ward, sanction forms, Inmate Offense History forms, and Summary of Privilege Restrictions forms. In his motion, Plaintiff asserts that he was originally told he was being placed in solitary confinement because he was under investigation and, thus, is requesting a copy of the "official report." To the extent an official report exists regarding the investigation into the disciplinary infractions for which Plaintiff was ultimately convicted and placed in disciplinary detention time, Defendants are directed to produce the document within ten days of the date of this order. Otherwise, Defendants must provide a verification that the requested report does not exist.

(3) "Copies of Warden Cartledge's official report on why he reinstated the Plaintiff's old D.D. time."

In their response to the discovery requests, Defendants did not represent whether an official report existed. Rather, they explained that S.C.D.C. policy[2] allows a warden or associate warden to reinstate disciplinary detention if an inmate is released early, but then causes additional problems, and that S.C.D.C. policy does not require a hearing or notice to the inmate prior to reinstatement of the disciplinary detention. To the extent an official report exists regarding Cartledge's decision to reinstate Plaintiff's disciplinary detention, Defendants are directed to produce the document within ten days of the date of this order. Otherwise, Defendants must provide a verification that the requested report does not exist.

(4) "Copy of the original document that was the determined [sic] factor for placing Plaintiff in two years solitary confinement."

In their response, Defendants referred to their answer to request number three. Likewise, to the extent a document exists regarding the reason for placing Plaintiff in solitary confinement, Defendants are directed to produce the document within ten days of the date of this order. Otherwise, Defendants must provide a verification that the requested report does not exist.

(5) "Copies of the transcript from the hearing board that was held to determine that Plaintiff's D.D. time would be reinstated."

Defendants responded that no such transcript exists because S.C.D.C. policy does not require a hearing prior to reinstatement of disciplinary detention. Plaintiff argues in his motion to compel that, pursuant to S.C.D.C. policy OP-22.12 and OP-21.04, even if Plaintiff was not allowed to be present, a hearing would still be held. Defendants must provide verification that no such hearing was held, and thus, no transcript exists.

---

[2]The parties have not provided the court with copies of any of the S.C.D.C. policies to which they refer.

(6) "Copies of the Notice that was given to the Plaintiff upon his D.D. Time being reinstated by Defendant Cartledge."

In their response, Defendants referred to their answer to request number five. Defendants must provide verification that no such notice was given.

(7) "SCDC's policy govern [sic] 'Investigations.'"

Defendants responded that GA-05.01, Investigations, is a restricted policy and that restricted policies regarding operations are not available to inmates or anyone acting on behalf of an inmate because the information could be used by the inmate in a manner that could compromise the security or safety of the institutions, other inmates, or staff. A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. However, Defendants fail to identify the specific security risks in producing the Investigations policy requested by Plaintiff. Therefore, Plaintiff's motion to compel is granted with respect to this request. However, if Defendants can point to particular security concerns with respect to the production of the Investigations policy, either in whole or in redacted form, they may seek reconsideration of this ruling within ten days of the date of this Order. Otherwise, Defendants are directed to produce the Investigations policy within ten days of the date of this order.

(8) "SCDC's policy govern [sic] 'Disciplinary Detention.'"

Defendants objected to this request as overly broad, but referred Plaintiff to policies OP-22.12, OP-22.23, OP-22.14, ADM-15.13, OP-21.04, OP-22.03, OP-22.1 and stated that they are available for review by Plaintiff at his institutional law library. Fed.R.Civ.P. 34 requires a party to either produce documents to the requesting party or make the documents available for inspection and/or copying. Therefore, Defendants are directed to either produce to Plaintiff a copy of the policies listed above or make them available to Plaintiff for inspection and/or copying within ten

days from the date of this order.

(9) "SCDC's policy govern [sic] disciplinary actions on Mental Health prisoners."

Defendants responded that there is not a policy that governs disciplinary actions on mental health prisoners, specifically, but referred Plaintiff to policy OP-22.14, which does address inmates with mental health issues being charged with a disciplinary offense, and stated that this policy is available for review by Plaintiff at his institutional law library.  Fed.R.Civ.P. 34 requires a party to either produce documents to the requesting party or make the documents available for inspection and/or copying. Therefore, Defendants are directed to either produce to Plaintiff a copy of the policies listed above or make them available to Plaintiff for inspection and/or copying within ten days from the date of this order.

In sum, for the reasons set forth more fully above, Plaintiff's motion to compel (Document # 22) is **GRANTED** in part.  Defendants are directed to either provide or make available the responsive documents, to the extent they exist, or a verification that such documents do not exist, within ten days from the date of this order.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2015
Florence, South Carolina